UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SAUL RAMIREZ, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Case No. 15-cv-05380 |
| v. | ) | |
| | ) | |
| CAVALRY SPV I, LLC and | ) | |
| BLATT, HASENMILLER, LEIBSKER & | ) | |
| MOORE, LLC. | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | <u>Jury Demanded</u> |

## **COMPLAINT**

Plaintiff, Saul Ramirez, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and alleges:

## **JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because the acts and transactions occurred here and Defendants transact substantial business here.

## **PARTIES**

3. Plaintiff, Saul Ramirez ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted MBNA FIA N.A. consumer credit card account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

4. Defendant, Cavalry SPV I, LLC ("Cavalry"), is a Delaware limited liability company with its principal place of business at 500 Summit Lake Drive, Suite 400, Valhalla, New York 10595. It does or transacts business in Illinois. Its registered agent and office are Illinois CT Corporation System, 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604. (Exhibit A, Record from Illinois Secretary of State).

5. Defendant Cavalry is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

6. Cavalry holds a collection agency license from the state of Illinois. (Exhibit B, Record from the Illinois Department of Financial & Professional Regulation).

7. Defendant Cavalry regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

8. Defendant Blatt, Hasenmiller, Leibsker, & Moore, LLC ("Blatt") is an Illinois limited liability company with its principal place of business at 125 S. Wacker Dr. Suite 400, Chicago, IL 60606. Blatt does or transacts business in Illinois. Its registered agent and office is Kenneth R. Wake, 10 S. La Salle St., Suite 2200, Chicago, Illinois 60603. (Exhibit C, Record from Illinois Secretary of State).

9. Defendant Blatt is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts and to file lawsuits against consumers on behalf of Cavalry SPV I, LLC.

10. Defendant Blatt regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

**FACTUAL ALLEGATIONS**

11. Plaintiff incurred an alleged debt for goods and services used for personal purposes, originally for a MNBA FIA N.A. consumer credit account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

12. Due to his financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

13. Cavalry purportedly purchased the alleged debt sometime thereafter.

14. Cavalry then hired or retained Blatt to recover the debt.

15. On or about December 12, 2013, Blatt filed a lawsuit on behalf of Cavalry against Plaintiff to collect on the alleged debt ("State Action"). The complaint was filed in the Circuit Court of Cook Count, First Court Municipal District, and styled *Cavalry SPV I LLC, vs. Saul Ramirez*, Case No. 2013-M1-168693. (Exhibit D, Small Claims Complaint).

16. On March 25, 2014, an ex-parte default judgment was entered against Plaintiff in the state action.

17. Plaintiff subsequently filed an emergency motion to vacate the default judgment, and sought counsel to appear in court for the motion.

18. On May 5, 2014, a Judge ordered the default judgment against Plaintiff to be vacated. (Exhibit E, Order to Vacate Default Judgment of March 25, 2014).

19. On June 9, 2014, Blatt appeared in court and set the matter for trial, which was to take place on July 7, 2014. (Exhibit F, Order Setting Matter for Trial).

20. Instead, two weeks later, and without a valid judgment, Blatt set wage garnishment proceedings to take place against Plaintiff's employer on July 31, 2014. (Exhibit G, Order Setting Garnishment Proceedings).

21. 15 U.S.C. § 1692feof the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (2) The false representation of—**
> **(A) the character, amount, or legal status of any debt. . .**

22. Blatt falsely represented that Cavalry had a judgment against Plaintiff, in violation of 15 U.S.C. 1692e(2)(A).

23. 15 U.S.C. § 1692f of the FDCPA provides as follows:

> **Unfair Practices**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . .**

24. Blatt utilized unfair or unconscionable means to collect debt, when it set a garnishment proceeding in a case where Cavalry had no judgment, in violation of 15 U.S.C. §§ 1692f and 1692f(1).

25. Defendants' collection actions have caused Mr. Ramirez mental pain and suffering.

26. Cavalry is liable for the acts and omissions of Blatt, committed in connection with efforts to collect the alleged debt from Plaintiff. (See *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994); *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379 (3rd Cir. 2000)).

27. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. *See*, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I-FAIR DEBT COLLECTION PRACTICES ACT – CAVALRY & BLATT

28. Plaintiff re-alleges paragraphs 1-27 as if set forth fully in this count.

29. Defendants falsely represented that Cavalry had a judgment against Plaintiff, in violation of 15 U.S.C. 1692e(2)(A).

30. Defendants utilized unfair and unconscionable means to collect debt, in violation of 15 U.S.C. §§ 1692f and 1692f(1) when they set a garnishment proceeding in a case where the judgment had been vacated.

WHEREFORE, Plaintiff asks that the Court enter judgment in his favor and against Defendants as follows:

    A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    B. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    C. Costs and reasonable attorney fees pursuant to 15 U.S.C. 1692k(a)(3); and

    D. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Michael J. Wood
One of Plaintiff's Attorneys

Michael Wood
Andrew Finko
Bryan Thompson
***Wood Finko & Thompson P.C.***
73 W. Monroe Street, Suite 514

Chicago, IL 60603
(312)757-1880
mwood@woodfinkothompson.com
afinko@woodfinkothompson.com
bthompson@woodfinkothompson.com